UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAMOH T TWEGBE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PHARMACA INTEGRATIVE PHARMACY, INC.,<br><br>    Defendant. | Case No.  12-cv-05080-CRB   (JSC)<br><br>**ORDER RE: PLAINTIFFS' MOTION TO COMPEL**<br><br>Re: Dkt. No. 51 |

Discovery in this putative class action wage & hour lawsuit has been referred to the undersigned Magistrate Judge. Plaintiffs, former Pharmacy Managers for Defendant Pharmaca Integrative Pharmacy, Inc., seek to represent a class of Pharmacy Managers who worked for Defendant from September 2008 to October 2012 and were allegedly misclassified as exempt employees. Now pending before the Court is Plaintiffs' Motion to Compel additional discovery responses (Dkt. No. 51). Having considered the parties' submissions and having had the benefit of oral argument on July 10, 2014, the Court GRANTS the motion in part and DENIES the motion in part.

**DISCUSSION**

Since Plaintiffs filed the Motion to Compel the parties have engaged in further meet and confer efforts and narrowed the issues in dispute to the following three categories: (1) contact information for the putative class members; (2) contact information for Staff Pharmacists who worked alongside the putative class members; and (3) time records for the putative class members and Staff Pharmacists. The Court addresses each category of information in turn.

**1. Contact Information for Putative Class Members**

Plaintiffs seek contact information for putative class member Pharmacy Managers

1  including name, employee ID, last known address, email address, phone number, pharmacy
2  locations worked, dates worked at each location, and information about whether each pharmacy
3  worked is a low, medium or high volume pharmacy. Through the meet and confer, Plaintiffs
4  agreed to pay for the cost of a *Belaire-West* notice which would allow class members to opt-out of
5  being contacted by class counsel; however, under Plaintiffs' proposal, the notice would only allow
6  the class members to opt-out of production of their phone numbers—their addresses would be
7  provided to Plaintiffs with the class list prior to issuance of the *Belaire-West* notice.

8      While it is true that this Court has previously granted a motion to compel class member
9  contact information subject to issuance of a *Belaire-West* notice in an unrelated case in which the
10 plaintiffs similarly sought to contact putative class member by phone and mail, Plaintiffs'
11 proposal here does not mirror the resolution in that case. *See In re Autozone Wage & Hour Empl.*
12 *Practices Litig.*, 2011 U.S. Dist. LEXIS 132973 (N.D. Cal. Nov. 17, 2011). In *Autozone*, this
13 Court found that "[w]hile many courts have required the *Belaire-West* notice for mere disclosure
14 of the name and address of putative class members, the Court is not persuaded that such disclosure
15 constitutes such a serious invasion of privacy that an 'opt out' procedure is required, at least where
16 Plaintiffs intend to use the information to contact the putative class member by mail." *Id.* at *4-5.
17 However, "[c]ontact by telephone…constitutes a more serious invasion of privacy because the
18 putative class members cannot ignore a telephone call the same way they can ignore a solicitation
19 that arrives by mail," such that the notice was required to the extent plaintiffs sought to contact
20 class members via telephone. *Id*.

21     The same principle applies here. To the extent that Plaintiffs wish to contact putative class
22 members via phone, this constitutes an invasion of privacy which warrants providing individuals
23 with an opt-out option. However, it does not make sense to parse putative class member opt-out
24 rights. If a *Belaire-West* notice must be sent to all the putative class members, then it should give
25 them the right to opt-out of being contacted by Plaintiffs' counsel via mail, email, or telephone.
26 The alternative suggested by Plaintiffs, that they obtain the putative class member addresses and
27 then give class members the right to opt-out of being contacted, but only by phone, would at best
28 be confusing for the class members. Plaintiffs have not cited a single case which handled putative

class member privacy rights in such piecemeal fashion. Accordingly, as Plaintiffs intend to use the information to contact class members via mail, email *and* phone, they may do so following issuance of a *Belaire-West* notice for which Plaintiffs will bear the costs.

Defendant has not offered a substantive objection to production of the other information sought by Plaintiffs, but nonetheless refuses to produce information regarding whether each class member worked at a low, medium, or high volume store. Defendant contends that Plaintiffs can obtain this information from questioning their class members. Defendant does not get to pick and choose to which discovery it wishes to respond; rather, "Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).

Accordingly, Plaintiffs' motion to compel is granted subject to issuance of a *Belaire-West* notice. Defendant shall provide Plaintiffs with a class list containing all the information other than the contact information forthwith. The parties shall work together to draft the *Belaire-West* notice. The notice shall allow the putative class member to opt out of the specific means of communication, that is, by phone, and/or mail, and/or email.

**2. Contact Information for non-party Staff Pharmacists**

Plaintiffs seek the same type of contact information as requested for the putative class members for non-party Staff Pharmacists who worked alongside the putative class members. Plaintiffs intend to contact the Staff Pharmacists to question them about the work that was performed by Pharmacy Managers. Plaintiffs' request is premature as by Plaintiffs' own admission at oral argument they would only seek information from these percipient witnesses to fill in the gaps from information obtained from class members. "Both federal and state courts have held that third party individuals have a privacy interest in not having their names and personal information disclosed. Under federal law, resolution of a privacy objection requires the Court to balance the need for the information sought against the privacy right asserted." *DeArmand E. v. City of Antioch*, No. 08-1709 SI, 2009 WL 1704686, at *2 (N.D. Cal. June 17, 2009) (internal citations omitted). Because Plaintiffs have not shown that they are otherwise unable to obtain this same information from putative class members, the motion is denied.

3

However, as discussed at oral argument, should a situation arise where Plaintiffs are unable to obtain information from Pharmacy Managers and need information from Staff Pharmacists to "fill in the gaps," Plaintiffs may make an informal, narrowly tailored request for this information and if the parties are unable to resolve the matter informally, the parties may file a joint letter brief.

### 3. Time Records

Plaintiffs allege that (1) from 2008-2011 Pharmacy Manager class members spent more than 50% of their work time performing non-exempt pharmacist's duties, and (2) from 2011-2012 Pharmacy Managers were denied meal and break periods.  To establish these allegations, Plaintiffs seek the KRONOS time records of Pharmacy Managers and Staff Pharmacists to recreate their respective schedules and establish any potential work overlap between the two. Specifically, because Defendants do not have schedules which would otherwise reflect the time periods Pharmacy Mangers and Staff Pharmacists worked during the relevant time period, Plaintiffs contend that to obtain this information they must compare the time records of the two to determine when the Pharmacy Managers were the sole pharmacists on duty such that they were performing pharmacist non-exempt work rather than exempt managerial work, and unable to take requisite breaks.

Defendant's responses to the interrogatories and document requests seeking this information object that the requests are not likely to lead to the discovery of admissible evidence and include a boilerplate objection that "the interrogatory is overbroad, premature, unduly burdensome, oppressive and in violation of the Court's February 4, 2013 Order Re Initial Case Management Conference." *See, e.g.*, Dkt. No. 51-2 at p. 25.  At oral argument, Defendant argued that Plaintiffs could obtain this information from previously produced redacted time records and interviews of putative class members.  Defendant misapprehends the standard for discovery in federal court. Federal Rule of Civil Procedure 26(b) provides that "a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Discovery may be limited based on burden or expense; however, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining,

4

and supporting its objection." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).

Plaintiffs have established that the time record evidence is relevant to their claims regarding whether class members were performing non-exempt work and whether they were denied necessary breaks. Because Defendant has not shown that production of such documents would be unduly burdensome or expensive such discovery shall be provided. For the class member Pharmacy Manager records, to the extent that Defendant has not already produced unredacted versions of these time records, they shall do so forthwith. For the Staff Pharmacist time records, Defendant may produce redacted time records removing the individual's name, but each record shall include a unique employee ID and store name or number.

## CONCLUSION

For the reasons explained above, Plaintiffs' Motion to Compel is granted in part and denied in part. (Dkt. No. 51.)

For future discovery disputes, the parties shall follow the joint letter brief procedures outlined in the Court's Standing Order with the following modifications. Prior to filing any discovery disputes, the parties shall first meet and confer **in person** at the office of the counsel of the party from whom discovery is sought unless the parties agree otherwise. If the parties are unable to resolve their discovery dispute following the in person meet and confer, the party seeking to compel discovery shall send his or its portion of the joint letter brief to the other party. The other party shall have five business days to return his or its portion of the joint letter brief. The party seeking to compel the discovery shall then assemble the two portions together in one statement, including an optional reply statement, and file the joint letter brief with the Court within two business days. Courtesy copies of all discovery related disputes shall be sent to Chambers. The Court will then notify the parties as to whether a hearing is required.

**IT IS SO ORDERED.**

Dated: July 11, 2014

_Jacqueline S. Corley_
JACQUELINE SCOTT CORLEY
United States Magistrate Judge